IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CR No.: 3:14-430-JFA |
| | ) | |
| v. | ) | MEMORANDUM OPINION |
| | ) | AND ORDER |
| JOHN TIMOTHY CANNON | ) | |
| | ) | |

     This matter is before the court on the defendant's *pro se* motion for a reduction in his sentence pursuant to the First Step Act of 2018 and 18 U.S.C. § 3582(c)(1)(A) (ECF No. 1008).  Seeking compassionate release, the defendant states that his current medical problems constitute an extraordinary and compelling reason to warrant a reduction of his sentence to time-served.

     The government opposes the motion, arguing that the defendant has not shown an extraordinary and compelling reason.  Alternatively, the government asserts that the statutory sentencing factors under 18 U.S.C. § 3553(a)  do not weigh in favor of the defendant's release.  The defendant did not reply to the government's response.[1]

     The court has carefully considered the record before it and conducted an individualized analysis of the facts and issues raised by the parties.  For the reasons which follow, the defendant's motion is respectfully denied.

---

[1] The defendant stated in an August 25, 2021 letter to the court that he had not received the government's response to his motion.  On September 2, 2021, the government filed a certificate of service showing that it had re-served its response on the defendant via regular mail to the defendant at FCI Beckley.

STANDARD OF REVIEW

Ordinarily, a court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c); *See United States v. Chambers*, 956 F.3d 667, 671 (4th Cir. 2020); *United States v. Jackson*, 952 F.3d 492 (4th Cir. 2020); *United States v. Martin*, 916 F.3d 389, 395 (4th Cir. 2019). But, "the rule of finality is subject to a few narrow exceptions." *Freeman v. United States*, 564 U.S. 522, 526 (2011). One such exception is when the modification is "expressly permitted by statute." 18 U.S.C. § 3582(c)(1)(B); *See Jackson*, 952 F.3d at 495.

Commonly termed the "compassionate release" provision, § 3582(c)(1)(A)(i) provides a statutory vehicle to modify a defendant's sentence. It was originally adopted as part of the Sentencing Reform Act of 1984.

On December 21, 2018, the First Step Act was signed into law. Broadly, the Act's goals were to reform federal prisons and sentencing laws to reduce recidivism, decrease the federal inmate population, and maintain public safety. The First Step Act also expanded the existing compassionate release provisions of federal law by allowing an inmate to move for compassionate release himself, rather than allowing only the Director of the Bureau of Prisons (BOP) to do so. The relevant portion of the First Step Act, codified at 18 U.S.C. § 3582(c)(1)(A), as amended by § 603(b) of the First Step Act, provides:

> [T]he court, . . . upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . after considering the

2

factors set forth in section 3553(a) [of Title 18] to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A).

By its terms, § 3582(c)(1)(A) permits the court to reduce the defendant's term of imprisonment after considering the factors set forth in 18 U.S.C. § 3553(a) if the court first finds that (i) extraordinary and compelling reasons warrant such a reduction; and (ii) such a reduction is consistent with applicable policy statements issued by the Sentencing Commission. In addition, a district court may not grant a sentence reduction under § 3582(c)(1)(A) without considering the § 3553 factors to the extent they are applicable. *United States v. Kibble*, 992 F.3d 326, 332 (4th Cir. 2021).

In *United States v. McCoy*, 981 F.3d 271 (4th Cir. 2020), the Fourth Circuit agreed with the Second Circuit in *United States v. Brooker*, 976 F.3d 228 (2d Cir. 2020) and found that there is, as of now, no "applicable policy statement governing compassionate release motions filed by defendants under the recently amended § 3582(c)(1)(A)." As a result, district courts are "empowered . . . to consider any extraordinary and compelling reason for release that a defendant might raise." *McCoy*, 981 F.3d at 284 (citing *Brooker*, 976 F.3d at 230); *see also, Kibble*, 992 F.3d at 331.

A defendant's rehabilitation standing alone does not provide sufficient grounds to warrant a sentence modification. 28 U.S.C. § 994(t). Also, the defendant bears the burden to establish that he or she is eligible for a sentence reduction. *United States v. Jones*, 836

F.3d 896, 899 (8th Cir. 2016).

When deciding whether to reduce a defendant's sentence under § 3582(c)(1)(A), a district court generally proceeds in three steps. *See United States v. High*, 997 F.3d 181, 185–86 (4th Cir. 2021). First, the court determines whether "extraordinary and compelling reasons" support a sentence reduction. Next, the court considers whether a sentence reduction is consistent with applicable policy statements issued by the Sentencing Commission. As noted previously in this order and as set out in *McCoy*, because there is no applicable policy statement governing compassionate release motions filed by defendants under the recently amended § 3582(c)(1)(A), district courts are empowered to consider any extraordinary and compelling reason for release that a defendant might raise. Finally, if the court finds that extraordinary and compelling reasons warrant relief, the court must consider the § 3553(a) factors in deciding whether to exercise its discretion to reduce the defendant's term of imprisonment.

Even if the defendant meets the eligibility criteria for compassionate release, this court retains discretion as to whether to grant relief. *See* 18 U.S.C. § 3582(c)(1)(A) (providing the court *may* reduce the term of imprisonment) (emphasis added).

*Exhaustion of Administrative Remedies*

Before a court may consider a defendant's motion for compassionate release, the defendant must have completed the initial step of requesting that the BOP bring a motion on their behalf. The defendant may file a motion with the court after (1) fully exhausting all administrative rights to appeal; or (2) after the lapse of 30 days from the receipt of such a

request by the warden of the defendant's facility, whichever is earlier. 18 U.S.C. § 3582(c)(1)(A). *See United States v. Muhammad*, __ F.4th __, 2021 WL 4888393, at *3 (4th Cir. Oct. 20, 2021).

It appears to this court that the defendant has fully exhausted his administrative remedies, and the government concedes the same. Therefore, the court will proceed to review the matter on the merits.

### DISCUSSION

The mere existence of the COVID-19 pandemic—which poses a threat to every non-immune individual in the world—cannot independently provide a basis for a sentence reduction or justify compassionate release. However, COVID-19 is certainly relevant to the court's analysis of a § 3582(c)(1)(A) motion for compassionate release. If a defendant has a chronic medical condition that has been identified by the Centers for Disease Control (CDC) as elevating the inmate's risk of becoming seriously ill from COVID-19, it is possible that such medical condition could satisfy the extraordinary and compelling reasons standard. As the Third Circuit has held, "the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release." *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020).

Rather, the threshold questions are whether the defendant has a particularized risk of contracting COVID-19 in prison and whether his medical conditions render him particularly susceptible to severe illness or death should he contract the virus. *See United States v. Youngblood*, No. 20-7836, 2021 WL 4167105, at *2 (4th Cir. Sept. 14, 2021) (citing *United*

*States v. High*, 997 F.3d 181, 185 (4th Cir. 2021)).

*The Defendant's Motion for Compassionate Release*

The defendant contends that he suffers from the following maladies: obesity, hypertension, hyperlipidemia, Type II diabetes, and a heart condition.

In its responsive memorandum, the government points out that the defendant also suffers from chronic kidney disease and liver disease. The government also points out that the defendant has received both of the Moderna vaccines. He has previously contracted COVID-19 and recovered while incarcerated. Relying almost exclusively on the two vaccinations and the fact that the defendant has already had COVID-19, the government argues that the defendant has not demonstrated an extraordinary and compelling reason for his release. While the government's argument has some superficial appeal, after due reflection the court has determined that the defendant's current medical conditions, which include a number of issues which the CDC has identified as representing a severe health risk, the court will conclude that the defendant has demonstrated an extraordinary and compelling reason for his release.

However, the court's inquiry does not end here. Under Fourth Circuit guidance, this court must now make an individualized assessment of the defendant's case, with specific attention to the factors under 18 U.S.C. § 3553(a), and also with particular review of the defendant's post-sentencing conduct while incarcerated.

Taking the § 3553(a) factors in order, the court finds as follows:

1.  *Nature and Circumstances of the Offense*.  In June 2014, the defendant and 11 others were charged in a 34-count Indictment.  The defendant was charged with conspiracy to possess with the intent to distribute 500 grams or more of cocaine (Count 1), in violation of 21 U.S.C. §§ 846, 841(b)(1)(B) and 851; and use of a telephone to facilitate the commission of a felony under the Controlled Substance Act (Counts 16, 18, 20, and 28), in violation of 21 U.S.C. §§ 843(b) and 843(d).

The government filed an Information notifying the defendant that he was subject to increased penalties pursuant to 21 U.S.C. § 851 based on the following convictions: conspiracy to distribute cocaine, 93-GS-32-2362, sentence date March 3, 1994; possession of cocaine, 1st, 97-GS-02-1322, sentence date January 20, 1998; possession with intent to distribute and distribution of 5 grams or more of crack cocaine, 3:02- 00351, sentence date January 6, 2003; and possession with intent to distribute and distribution of less than 5 grams of crack cocaine, 3:02-00351, sentence date January 6, 2003.

Following a jury trial in January 2017, the defendant was found guilty of conspiracy to possess with intent to distribute and distribution of 500 grams or more of a substance containing cocaine and four counts of use of a telephone communications facility, to facilitate the commission of a felony.

The evidence at trial revealed that the defendant was engaged in a wide-ranging conspiracy with multiple other individuals to possess and distribute cocaine throughout South Carolina.  In connection with his offense, the defendant possessed firearms, maintained a

stash house, utilized a communication facility to facilitate the drug trafficking crimes, and was responsible for either the purchase or distribution of 12.85 kilograms of cocaine.

The United States Probation Office prepared a Presentence Report (PSR) (ECF No. 756) and determined the defendant's total offense level at 34. With a criminal history category of III, his Guideline range was 188 to 235 months imprisonment. This court imposed a sentence of 224 months, consisting of 224 months on Count 1, and 48 months on the remaining Counts, with all terms to run concurrently.

The defendant thereafter took a direct appeal of his conviction and sentence, which was unsuccessful.[2] He also filed a motion to vacate or correct his sentence pursuant to 28 U.S.C. § 2255 which this court denied on the merits (ECF No. 970).

The defendant has served more than 84 months of his 224-month sentence. His projected released date is September 20, 2030. He is presently housed at Federal Correctional Institution Beckley.

2. *History and Characteristics of the Defendant*. At age 11, the defendant moved out of his mother's house into the home of a relative where he remained until he was 16 years old. At that time, he began performing a variety of odd jobs. He began drinking alcohol at a young age and has struggled with alcohol addiction for most of his life, and he has experimented with other controlled substances.

The defendant is currently 67 years old. He is married and the father of one child. At the time of his sentencing in January 2017, the defendant was experiencing several

---

[2] See *United States v. Cannon*, 740 Fed. App'x 785 (4th Cir. 2018).

8

physical and medical problems that continue to this day.  At that time, he weighed 310 pounds and had been diagnosed with Hepatitis C, high blood pressure, diabetes, and acid reflux.

The defendant dropped out of school in the seventh grade, but he is capable of adequately reading and writing.  He has relevant work experience as a construction laborer and lawn care worker.

*Post Sentencing Conduct*

While incarcerated, the defendant has not incurred any disciplinary infractions.  He has taken approximately seven vocational and educational courses which include attempting to attain his GED, fitness and wellness, personal finance, job interviews/resumes, and related courses.

The defendant states that he has a residence to go to if granted release and a family that will help him financially and make sure that he will be cared for.  The court understands this argument, has carefully considered it, and must respectfully reject it.  To reward someone with early release because he is fortunate enough to have a loving and supportive family would work to the disadvantage of another defendant, who committed the same crime under the same circumstances, who did not have family support.  This would create a significant disparity in sentencing which the law should not recognize. Thus, although the court has carefully considered this argument, it must respectfully reject it.

3.  *Seriousness of the Crimes*.  As evidence by the historical facts set out in the PSR involving the defendant's instant conviction, this court regards the defendant's crime as very serious, fully supportive of a significant sentence.

As indicated above, the defendant was convicted following a jury trial of the possession and distribution of a significant quantity of a serious controlled substance which is a major problem in the District of South Carolina.  His criminal history is extensive.  Most of the medical conditions about which he complains of today existed when he committed the crimes for which he was convicted.

4.  *Whether the Sentence Promotes Respect for the Law and Just Punishment for the Offense*.  The court finds a significant sentence is necessary to promote respect for the law and just punishment.

5.  *Whether the Sentence Affords Adequate Deterrence to Criminal Conduct*.  The court finds that a significant sentence is necessary to provide both general and specific deterrents.

6.  *Whether the Sentence Protects the Public from Future Crimes of the Defendant.*  The court finds that a significant sentence is necessary to protect the public from future crimes of the defendant.  The court views this as a key factor to be addressed in considering the present motion. This is perhaps one of the most important factors counseling against the defendant's immediate release

7. *Need to Avoid Unwarranted Disparity*. Viewing the defendant's sentence as compared with the culpability of the defendant and his associates, his imposed sentence was and is in line with the other co-defendants.

## CONCLUSION

For the foregoing reasons, the court determines that, even assuming the defendant has demonstrated an extraordinary and compelling reason for his release due to his medical conditions, his release at this time is not appropriate in light of this court's individualized assessment of the § 3553(a) factors, including the defendant's post-sentencing conduct. The motion is respectfully denied.[3] (ECF No.1008).

IT IS SO ORDERED.

January 6, 2022
Columbia, South Carolina

Joseph F. Anderson, Jr.
United States District Judge

---

[3] To the extent that the defendant seeks to have this court direct the BOP to place the defendant in home confinement, this court is without authority to do so. The discretion to release a prisoner to home confinement lies solely with the Attorney General. See 18 U.S.C. § 3624(c)(2); 34 U.S.C. § 60541(g). The legislation recently passed by Congress to address the COVID-19 pandemic does not alter this. See CARES Act, Pub. L. No. 116-136, 134 Stat 281, 516 (2020) ("During the covered emergency period, if the Attorney General finds that emergency conditions will materially affect the functioning of the Bureau [of Prisons], the Director of the Bureau may lengthen the maximum amount of time for which the Director is authorized to place a prisoner in home confinement under the first sentence of section 3624(c)(2) of title 18, United States Code, as the Director determines appropriate.")